Filed 6/15/22  P. v. Du Bose CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B317532 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A366830) |
| v. | |
| BLANNON DU BOSE, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Blannon Du Bose (defendant) appeals from an order summarily denying his petition for vacatur and resentencing under Penal Code section 1170.95.[1]

In October 2021, defendant filed a motion to vacate his 1982 murder conviction. In the body of the pro se petition,

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

defendant alternatively refers to his application as a motion to vacate and as a petition for writ of *coram nobis*. As defendant based his request for relief on section 1170.95, the trial court treated it as a petition for vacatur and resentencing pursuant to that section, and summarily denied it due to missing allegations.[2] Defendant filed a timely notice of appeal from the order.

Appointed counsel filed a brief raising no issues and asked that this court conduct an independent review for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct such an independent review of the record. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) If a defendant files his own supplemental brief or letter we review the contentions or arguments set forth therein; however, if a defendant does not file a supplemental brief or letter, the appeal will be dismissed as abandoned. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) Defendant was

---

[2] A petition for vacatur of a murder conviction and resentencing must allege the following conditions: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or . . . plea . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

notified of the court's policy and failed to file a supplemental brief or letter.  Therefore, the appeal is dismissed.[3]

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

---

[3]     As an order denying a petition due to missing allegations is denied without prejudice (§ 1170.95, subd. (b)(3)), there should be no bar to the filing of a conforming petition.